IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY KIRSHY, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-2345 |
| | (JUDGE CAPUTO) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA INSURANCE GROUP and QUEST DIAGNOSTICS, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendant Life Insurance Company of America's ("LINA") Motion to Dismiss. (Doc. 8.) LINA argues that Plaintiff's complaint brings state law claims that are preempted by the Employee Retirement Income Security Act ("ERISA"). LINA also argues that Defendant CIGNA Insurance Group is not a legal entity capable of being sued and that ERISA does not give Plaintiff the right to a jury trial. Plaintiff contends that he has adequately stated claims under federal law, i.e. ERISA, rather than state law, and, in the alternative, that he should be given leave to amend his complaint. For the reasons stated below, the motion to dismiss will be granted and Plaintiff will be given twenty-one (21) days to amend his complaint.

## BACKGROUND

The facts alleged in the Complaint are as follows.

Plaintiff Kirshy was employed as a phlebotomist by Quest Diagnostics from August 2004 until April 2008, at which time Kirshy resigned due to ill health. Quest was a subscriber to an employee welfare benefit plan embodied by Group Policy Number FLK-980031 issued by LINA. As the named fiduciary, LINA decides claims for benefits under

the plan and also decides any appeals of denied claims. During 2008, Kirshy became emotionally and physically incapable of dealing with the stress related to his position as a phlebotomist and decided, based on medical advice, that he could no longer serve in this capacity without serious risk to his health. On April 4, 2008, Kirshy resigned his position due to palpitations, coupled with hypertension, Epstein-Barr, chronic fatigue syndrome and an iron deficiency. Kirshy applied for and received short-term disability under his employer's insurance plan from April to August 2008. Kirshy was then informed by LINA in mid-August 2008 that the medical documentation did not support Kirshy's remaining out of work any longer. Kirshy received word in October 2008 that his request for long-term disability benefits was denied, and the denial was affirmed in November 2008. Kirshy then filed a Notice of Appeal from the termination of his short-term disability benefits and the denial of his claim for long-term disability. Kirshy received a letter in December 2008 that this appeal was denied. Kirshy then filed his complaint on November 12, 2010. (Doc. 1.) In his complaint, Kirshy brings claims for breach of contract (Count I); bad faith (Count II); and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count III). LINA then filed a motion to dismiss on February 28, 2011. (Doc. 8.) The motion has been briefed and is ripe for review.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable

expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

### I.   Kirshy's claims are preempted under ERISA

All of Kirshy's claims are state law claims that are preempted under ERISA's civil enforcement scheme and will therefore be dismissed.. However, he will be given leave to amend in order to plead his ERISA claims.

Section 514(a), the express preemption provision of ERISA, provides that ERISA "shall supersede any and all State laws insofar as they ... relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). This provision preempts both state common law and statutory causes of action. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990). ERISA also includes a saving clause protecting from preemption state laws regulating insurance, banking, or securities. *See* 29 U.S.C. § 1144(b)(2)(A).

The United States Supreme Court's conception of the scope of § 514(a) has grown significantly in recent years. While in *Ingersoll-Rand*, a law was said to "relate to" an employee benefit plan if it had a connection with or reference to such a plan, even if it was not designed to affect such plans or does so only indirectly, *Ingersoll-Rand*, 498 U.S. at 138, in *Aetna Health, Inc. v. Davila*, the United States Supreme Court held that any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement

remedy conflicts with the clear Congressional intent to make the ERISA remedy exclusive and is preempted. 542 U.S. 200 (2004).

In clarifying which laws "related" to employee benefit plans prior to the United States Supreme Court ruling in *Aetna Health*, beginning with *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir. 1995), the Third Circuit had drawn a distinction between claims directed at the quality of the benefits received and claims that benefits have been erroneously withheld, finding the latter but not the former preempted by § 514(a). Following *Dukes*, the Third Circuit held that claims over the *quantum* of benefits paid out under an ERISA-regulated insurance plan, even when couched in terms of a common law breach of contract claim, are completely preempted. *Przybowski v. U.S. Healthcare*, 245 F.3d 266 (3d Cir. 2001). Further, in *Barber v. Unum Life Ins. Co. of America,* the Third Circuit, in the wake of the expansive holding of *Aetna Health*, held that Pennsylvania's bad faith statute is preempted under ERISA § 514(a). 383 F.3d 134, 140 (3d Cir. 2004). In that case, even though the bad faith statute was designed to govern the insurance industry, and thus appeared to be explicitly protected from preemption under ERISA's savings clause, the Third Circuit, applying the two-prong test propounded in *Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003),[1] found that the statute did not "regulate insurance" such that it was shielded from ERISA's express exemption provision. *Barber*, 383 F.3d at 141. Finally, applying *Aetna Health* and *Miller*'s analysis of the insurance industry exception to § 514(a), at least one Middle District of Pennsylvania court has found that a claim brought

---

[1] Under *Miller*, for a state law to regulate insurance under § 1144(b)(2)(A), it must satisfy two requirements: (1) the law must be specifically directed toward entities engaged in insurance, and (2) the law must substantially affect the risk pooling arrangement between the insurer and the insured. *Miller*, 538 U.S. at 342.

under Pennsylvania's UTPCPL is preempted by ERISA. *See Viechnicki v. Unumprovident Corp.*, No. 06-cv-2460, 2007 U.S. Dist. LEXIS 8959 (E.D. Pa. Feb. 8, 2007).

Here, Kirshy has brought claims for breach of contract, bad faith, and the UTPCPL. These three claims are all preempted by § 514(a). Therefore, they will be dismissed and Plaintiff will be given leave to amend his complaint to properly plead his ERISA claims.

## **CONCLUSION**

Kirshy's complaint will be dismissed because his state law claims are preempted by ERISA's civil enforcement scheme. Kirshy will have twenty-one (21) days to file an amended complaint with the court. Because the Court will dismiss the complaint, it need not address LINA's motions to dismiss CIGNA Insurance Group and the jury demand. It appears however, given his lack of response to these issues in his motion, that Kirshy rightly acquiesces to these points.

An appropriate order follows.

| | |
|---|---|
| 5/4/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREGORY KIRSHY, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-2345 |
| | (JUDGE CAPUTO) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA INSURANCE GROUP and QUEST DIAGNOSTICS, | |
| Defendants. | |

**ORDER**

**NOW**, this ___4th___ day of May, 2011, **IT IS HEREBY ORDERED** that Defendant Life Insurance Company of North America's Motion to Dismiss (Doc. 8) is **GRANTED**, and that Plaintiff has **twenty-one (21) days** to file an amended complaint.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge